Case 7:23-cv-04579-NSR Document 45 Filed 12/08/23 Page 1 of 14

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

LEAH SCHWARTZ,

               Plaintiff,

               v.

EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANSUNION, LLC; AMERICAN EXPRESS
NATIONAL BANK; and BARCLAYS BANK
DELAWARE,

               Defendants.

-------------------------------------------------------------- X

Case No. 7:23-cv-04579-NSR

## STIPULATION REGARDING CONFIDENTIALITY AND PROTECTIVE ORDER

This Stipulation Regarding Confidentiality and Proposed Protective Order (the "Stipulation and Order") is jointly agreed to by plaintiff Leah Schwartz ("Plaintiff") as well as defendants Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); American Express National Bank ("American Express"); and Barclays Bank Delaware ("Barclays"), by and through their respective counsel of record, as of the date set forth below.

IT IS HEREBY STIPULATED by and among Plaintiff, Equifax, Experian, American Express and Barclays as follows:

**All Discovery Materials to Be Limited to Use in the Present Litigation**

1. Except to the extent expressly authorized in this Stipulation and Order, all discovery materials and documents produced in the above-captioned litigation (including without limitation all Confidential Information as defined in paragraph 3) shall not be used or disclosed for any purpose other than purposes relating to the above-captioned litigation and/or any appeal therefrom.

1

**Designation of Confidential Information**

2. <u>Definition of Information</u>. As used in this Stipulation and Order, the term "Information" means and includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admission, responses to requests for production, deposition transcripts and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, or complete or partial summaries of such information, and the information itself; and/or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information. This Stipulation and Order shall govern all Information produced in response to any method of discovery conducted in this litigation, or produced voluntarily, meaning without reference to one of the methods of discovery authorized by the Federal Rules of Civil Procedure. Information designated as "CONFIDENTIAL" must meet the standards stated in paragraph 3. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Stipulation and Order; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party (as defined in paragraph 3).

3. <u>Designation of Information</u>.

(a) Any party or non-party who agrees to be subject to this Stipulation and Order that designates Information for protection under this Stipulation and Order (a "Designating Party") must take care to limit any such designation to specific material that

2

qualifies under the appropriate standards. If it comes to the attention of a Designating Party that Information or items that it designated for protection do not qualify for protection under this Stipulation and Order, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    (b) Any party may designate any Information it or any other party or non-party produces (or previously has produced) in the course of the litigation as "CONFIDENTIAL" pursuant to the terms of this Stipulation and Order ("Confidential Information"). Such Information or parts thereof will be designated by stamping the words "CONFIDENTIAL" on each page. "Confidential Information" includes but is not limited to Information containing trade secrets, company security matters, matters related to company mergers and acquisitions, financial, sales, or pricing data, company policies and procedures, internal communications regarding confidential or sensitive business information, past, current or future non-public competitive information, employee training materials, or any other sensitive business or commercial information including consumer financial information, personal or sensitive information pertaining to any debtors (including Plaintiff) and their family members, the dissemination of which is generally protected in the normal course of its business, as to which a party makes a determination that it has a good faith, reasonable basis to believe that such information should be designated "Confidential." For Confidential Information produced by a non-party or a party other than the Designating Party, a party seeking a "Confidential" designation pursuant to the terms of this Stipulation and Order may do so by serving on all parties a log containing the Bates numbers or other description of the documents or information claimed as "Confidential" within thirty (30) business days of

receiving copies of the documents or information. Should any party object to this designation, such party shall proceed in accordance with paragraph 19 of this Stipulation and Order.

(c) For information produced in some form other than documentary, including information produced in electronic format, and for any other tangible items, the Designating Party must affix the legend "CONFIDENTIAL" in a prominent place, including either within the file name for electronic records or on the exterior of the container or containers, or electronic media (including but not limited to CD or DVD), in which the information or item is stored. If only a portion or portions of the information or other item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

**Disclosure and Use Of Confidential Information**

4. No Confidential Information shall be disclosed to anyone other than:

(a) The producing party and parties to this litigation and the employees, officers, directors and in-house counsel of such parties who have a need to review the information in connection with this litigation;

(b) Counsel of record for the parties and personnel employed by the law firms of counsel of record (including legal, paralegal, clerical and secretarial staff employed by those law firms) and other legal counsel employed by different law firms retained by counsel of record or by a party hereto in connection with this litigation, so long as said other counsel have entered an appearance as counsel of record;

(c) Deposition court reporters and videographers;

(d) The parties' experts and/or consultants (together with their associates, consultants and clerical and secretarial staff) who are assisting in the pretrial preparation and/or trial of this litigation;

4

(e) Any actual or potential witness at a deposition or at trial, including, but not limited to, former officers, agents or employees of any party (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(f) The Court, court personnel, court reporters and the jury (the parties acknowledge that additional procedures and/or safeguards may be required to protect the confidentiality of this material before it is presented to a jury at trial and they agree to address that issue with the court at the appropriate time);

(g) Non-party support services including, but not limited to, outside copying services, outside court reporting services and court reporters as may be reasonably necessary in connection with the litigation;

(h) Any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each party hereto; and

(i) Any person (other than those identified above) who is indicated as an author or recipient of the Confidential Information.

5. A party desiring to disclose Confidential Information to any of the persons referred to in paragraph 4 (other than sub-paragraph 4(f)) shall, prior to disclosure of the Information, advise such person of the "Confidential" designation and the existence and terms of this Stipulation and Order. In addition, for each person identified in subparagraphs 4(d), (e) and (h) or who does not otherwise fall within paragraph 4, a party shall before disclosing Confidential Information to such person(s), provide to each person a copy of this Stipulation and Order and require such person(s) to sign an Acknowledgment of Receipt of Stipulated Protective Order and Agreement to be Bound Thereby ("Acknowledgment and Agreement"), in the form

5

set forth in Exhibit "A" hereto, and provide the signed Acknowledgement and Agreement to the Designating Party within five (5) days after execution.

6.  A party disclosing any Confidential Information to any of the persons referred to in subparagraphs 4(d), (e) and (h) shall maintain any and all original Acknowledgment and Agreements.

7.  The parties hereto agree that, if necessary, an injunction may be issued to prevent violations of this Stipulation and Order. The agreement to injunctive relief does not preclude a party from also obtaining damages that reasonably flow from a breach of this Stipulation and Order.

8.  No provision in this Stipulation and Order shall prevent either party from raising the confidential nature of Information in response to particular discovery requests or from seeking additional protections to be afforded to the disclosure of particular Information. In addition, no provision in this Stipulation and Order shall be deemed to waive any applicable privilege or work-product protection.

9.  Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the material subject to this Stipulation and Order are reserved and are not waived in any respect by any terms of this Stipulation and Order.

10. The parties agree that the terms of this Stipulation and Order shall not be interpreted to constitute a waiver of: (a) any objection to any discovery, including written discovery and/or deposition(s); or (b) any right to compel any discovery, including written discovery and/or deposition(s). In the event any document is produced and the producing person later claims the document is protected by the attorney-client privilege, work product doctrine, or another privilege or immunity, the producing party shall, within ten (10) business days of

discovery of the production of such privileged or protected information, provide written notice to all receiving parties. Upon receipt of such notice, a receiving party shall, within ten (10) business days, with respect to the privileged portions of the documents at issue, either file a motion challenging the assertion of privilege or protection with the Court or return the original to the producing person and destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote privileged portions of the documents at issue and delete any copy of the privileged portions of the documents at issue from any word processing or data base tape or disk it maintains. Receiving parties may use information designated as privileged or protected for the purposes of any motion challenging the designation of privilege or protection provided that the documents containing privileged or protected information shall be filed under seal consistent with paragraph 26 of this Stipulation and Order.

11. Production of privileged, work-product protected, or otherwise immune documents in the course of discovery in this case shall not constitute a waiver or estoppel with respect to any privilege, work-product protection, or immunity, either as to the produced document or as to any other documents or communications.

12. If a party is served with a subpoena or a court order issued in other litigation or by any governmental entity or officer that compels disclosure of any information or items designated in this litigation as Confidential Information that a party has obtained under the terms of this Stipulation and Order, such party shall immediately, but no more than seven (7) days after receiving actual notice of the subpoena or order (and at least two (2) business days before any requested compliance), notify the Designating Party of the pendency of the subpoena, public records request, or order in writing, and shall not produce the Confidential Information if the Designating Party timely applies for a protective order for such Confidential Information or

otherwise takes timely, appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena, public records request or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request or order. Unless otherwise ordered by this Court or other court of competent jurisdiction, materials designated as Confidential shall be treated as information that is not subject to disclosure pursuant to the Freedom of Information Act. Nothing in this Stipulation and Order requires or is meant to permit a party to disobey a lawful directive from a court.

13. Nothing in this Stipulation and Order affects the right of the Designating Party that produced Confidential Information to use or disclose it in any way.

**Confidential Information Disclosed During Depositions**

14. If any Confidential Information is discussed during a deposition, a "Confidential" designation of the transcript or any portion thereof, including any exhibits attached thereto, may be made by: (a) a statement to that effect on the record by anyone entitled to designate such information "Confidential" pursuant to the terms of this Stipulation and Order; or (b) written notice to the parties or their respective counsel within forty-five (45) business days following receipt of the deposition transcript. Should such "Confidential" designation be made, the stenographer of the deposition or any party to the litigation shall appropriately label the cover page of the transcript and all appropriate pages or exhibits of the transcript, and to each copy thereof. Transcripts will be treated, in their entirety, as if designated "Confidential" until the expiration of the forty-five (45) day period noted above.

15. If Confidential Information is to be reviewed during the deposition, the Designating Party may exclude from the deposition room any persons other than the deponent, the deposition stenographer, counsel and those individuals specified in paragraph 4.

16. Unless otherwise agreed, a deponent, other than a party's experts or consultants, may not retain a copy of any deposition material deemed "Confidential" unless such deposition material was produced by the deponent in connection with the deposition.

**Court Proceedings**

17. In the event that any party or non-party bound by this Stipulation intends to disclose, discuss or otherwise refer to any Confidential Information in open court at any hearing or trial of this litigation, such person shall inform the Court, the Designating Party and all other parties to this litigation of its intention to do so and identify the Confidential Information it intends to disclose. The Designating Party shall then have the opportunity to move orally, or as the Court otherwise directs, that the hearings be held in camera or that the trial or any portion of it be closed to the public because of the potential disclosure of Confidential Information.

**Objection To Designation Of Confidential Information**

18. Any party may object to the designation of any Information as Confidential by serving a written objection on the Designating Party and all parties to this litigation. Thereafter, the objecting party shall first make a good faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party are unable to resolve the objection, either the objecting party or the Designating Party may raise the dispute with the Court, in accordance with any applicable rules, for a ruling on the disputed Information. The Information shall be treated as Confidential until the Court rules otherwise. If no such motion is made, the Information shall continue to be deemed Confidential Information.

19. Failure by the Designating Party to file a motion promptly after completion of the good faith effort to resolve any dispute over designation of the Information as Confidential is not a waiver of the Designating Party's rights under this Stipulation and Order. If the objection to the designation is not resolved, and neither the Designating Party nor the objecting party moves the Court for an order with respect to the disputed Information, then the objecting party shall still treat the Information as Confidential until the Designating Party moves for an order deeming the Information protected under this Stipulation and Order, or the Court expressly orders that the Information is not subject to this Stipulation and Order.

**Inadvertent Production Of Confidential Or Privileged Information**

20. Inadvertent failure to designate any Information as Confidential pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claims for protection, so long as such claim is asserted within ten (10) business days of the discovery of the inadvertent failure in accordance with the terms of paragraph 10. At such time, all mis-designated material (and any and all copies thereof) must be destroyed or returned immediately to the Designating Party.

**Return Of Confidential Information**

21. Within sixty (60) days after conclusion of this litigation and all appeals therefrom, the originals and all copies of all Confidential Information subject to this Stipulation and Order (other than pleadings, briefs and exhibits actually filed with the court or courts of record, and a single archival copy thereof) shall be returned to the Designating Party or may be disposed of in some other manner that is mutually agreed upon in writing among the applicable persons. The party electing such destruction shall send to the Designating Party an appropriate certification to that effect within sixty (60) days of the conclusion of this litigation. Any material not destroyed

and that contains or constitutes Confidential Information remains subject to this Stipulation and Order, and reasonable efforts shall be taken to preserve the protections of such material.

**Miscellaneous Provisions**

22. The provisions of this Stipulation and Order may be modified (including, without limitation, with respect to particular Information) at any time by stipulation of the parties and approval by order of the Court, or upon motion by a party for good cause shown.

23. For purposes of this Stipulation and Order, the conclusion of this litigation shall be deemed to be the later of: (1) dismissal of all claims and defenses in this litigation, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

24. All parties to this litigation agree to take all reasonable precautions to prevent the disclosure, except as allowed herein, of any Confidential Information received by them to any persons who are not parties to the Acknowledgment and Agreement.

25. The parties to this litigation agree that they have had an opportunity to review and consult counsel regarding this Stipulation and Order and that this Stipulation and Order shall not be construed in favor of or against any party by reason of the extent to which it participated in the drafting of this Stipulation and Order.

26. A party that seeks to file under seal any Confidential Information must comply with any and all applicable local or federal rules governing the filing of documents under seal. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. If a party's request to file Confidential

11

Information under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

Dated: December 8, 2023

        By:   */s/ Eliyahu R Babad*
Eliyahu R Babad
STEIN SAKS, PLLC
One University Plaza
Suite 620
Hackensack, NJ 07601
201-282-6500
Email: ebabad@steinsakslegal.com

Attorneys for Plaintiff
   *Leah Schwartz*

Dated: December 8, 2023

        By:   */s/ Boris Brownstein*
Boris Brownstein
CLARK HILL PLC
210 Carnegie Center, Suite 102
Princeton, NJ 08540
(609) 785-2923
Fax: (609) 785-2999
Email: bbrownstein@clarkhill.com

Attorneys for Defendant
   *Equifax Information Services, LLC*

Dated: December 8, 2023

        By:   */s/ Summer Flowers*
Summer Flowers
JONES DAY
250 Vesey Street
New York, NY 10281
212-326-3749
Email: sflowers@jonesday.com

Attorneys for Defendant
   *Experian Information Solutions, Inc.*

Dated: December 8, 2023

            By:  */s/ Kate E. Fisch*
               Kate E. Fisch
               STEPTOE & JOHNSON LLP
               1114 Avenue of the Americas
               New York, New York 10036
               Tel: (212) 506-3900
               Fax: (212) 506-3950
               Email: KFisch@steptoe.com

               Attorneys for Defendant
                *American Express National Bank*

Dated: December 8, 2023

            By:  */s/ Jonathan M. Marmo*
               Jonathan M. Marmo
               HOLLAND & KNIGHT, LLP
               2929 Arch Street
               Philadelphia, PA 19104
               Telephone: (215) 252-9568
               Email: jonathan.marmo@hklaw.com

               Attorneys for Defendant
                *Barclays Bank Delaware*

**<u>ORDER</u>**

IT IS SO ORDERED.

Dated: December 19, 2023
    White Plains, NY

               HONORABLE NELSON STEPHEN ROMAN
                UNITED STATES DISTRICT JUDGE

# EXHIBIT A: NON-DISCLOSURE AGREEMENT
## SCHWARTZ V. EQUIFAX INFORMATION SERVICES, LLC, ET AL.
### S.D.N.Y. CASE NO. 7:23-cv-04579-NSR

I, _____, acknowledge that I have read and understand the Stipulation Regarding Confidentiality and [Proposed] Protective Order (the "Stipulation and Order") in this litigation governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree to be bound by the Stipulation and Order with respect to any Confidential Information provided me under the terms thereof. I further agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that, at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulation and Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising out of the Stipulation and Order and that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court.

Dated: _____    Signed:_____